**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DALLAS MURPHY,

                Plaintiff,

    vs.                                        Case No.

TRACY CHANCE, individually AND
HARPER
COUNTY, KANSAS

                Defendants,

**COMPLAINT**

Comes Now, Plaintiff Dallas Murphy by and through his counsel Jon E. Newman of Hite

Fanning & Honeyman, LLP and for his cause of action against Defendants Tracy Chance and

Harper County, alleges and states as follows:

**Parties**

    1.      Plaintiff, Dallas Murphy (Murphy or Plaintiff), is a citizen of the United States

and is a resident of Harper County, Kansas.

    2.      Defendant Tracy Chance (Chance) is or was Sherriff of Harper County during

Plaintiff's employment and was Plaintiff's supervisor and employer.

    3.      Upon information and believe Tracy Chance is a resident of Harper, County

Kansas and can be personally served at Harper County Sheriff Department, 115 E. Steadman,

Anthony, Kansas 67003.

    4.      Defendant Harper County (The County)  is a County in Kansas and was

Plaintiff's employer and may be served with process by serving the Harper County Commission

at 201 N. Jennings, Main Floor Anthony, KS 67003 or Harper County Clerk at 201 N. Jennings

Ave., 2nd Floor Anthony, KS 67003

**Jurisdiction and Venue**

5.      Jurisdiction and venue are proper.

6.      The Court has jurisdiction over the parties and subject matter of this action

pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7.       Venue is proper in the District Court for the District of Kansas pursuant to 28

U.S.C. § 1391.

**K.S.A. 12-105b**

8.      In the event K.S.A. 12-105b is applicable to any or all of Plaintiff's claims, he

complied with its requirements and all conditions precedent have been performed or have

occurred.

9.      On or about November 26, 2019 Plaintiff served Harper County and Sherriff

Chance with his K.S.A. 12-105b notice by serving both the Harper County Commission and

Harper County Clerk and Sherriff Chance.

10.     More than 120 days have passed without response.

**Filing KHRC/EEOC Complaint**

11.     Plaintiff filed a KHRC/EEOC charge with the KHRC on or about November 15,

2019.

12.     Plaintiff received a Right to Sue letter from the Department of Justice/EEOC on

or about June 11, 2020. He has exhausted his administrative remedies as to his Federal claims.

13.     Plaintiff's KHRC complaint should be dismissed soon, and Plaintiff will add KAAD claims to this matter.

**Factual Allegations**

14.     Plaintiff was hired by Defendants to be a Harper County Deputy Sherriff approximately August 13, 2016 and was fired approximately May 27, 2019.

15.     At various times during his employment with Sherriff Tracy Chance, Harper County Sheriff Department and Harper County, Plaintiff worked hours for which he was not compensated. Some or all of those hours would have entitled him to compensation at an overtime rate.

16.     He was provided a work phone to use and was required to respond to calls, texts and emails after regular hours. He did this but was not compensated for his time.

17.     Mr. Murphy estimates at various times he worked approximately 30 to 45 minutes (average of 37.5 minutes) per day, 7 days a week (262.5 minutes per week) after his regularly scheduled hours receiving and sending texts and emails and phone calls.

18.     From date of hire August 13, 2016 to approximately 12/1/18 (69 weeks) he worked an additional 15-20 minutes 3-4 days a week beyond his regularly scheduled hours  (average of 61.25 minutes) dealing  with K-9 requests (not including the time spent when he takes the K-9 to a scene).

19.     On or about November 2017 Plaintiff was diagnosed with a brain tumor, specifically Arterial Vascular Malformation (AVM).

20.     Murphy's AVM caused disability and impairment that affected major life activities at various times, including but not limited to seeing; sleeping; normal cell growth neurological

issues, brain function issues; circulatory issues; walking; standing; lifting; bending, and concentrating.

21.     Plaintiff's health condition of AVM was a matter of record with his health care providers and employer.

22.     Defendants regarded Plaintiff as disabled.

23.     After his diagnosis of AVM, Plaintiff ultimately had brain surgery and other treatment requiring hospitalization. His employer was aware of this and had record of this.

24.     Plaintiff was granted FMLA leave by Defendants.

25.     After returning from leave, Plaintiff worked light duty approximately December 7, 2017 to February 2018 then returned to full duty, without incident.

26.     In September 2018 Plaintiff had a shunt placed in his brain and was on leave.

27.     He returned to light duty in mid-November 2018. His supervisor Sherriff Chance told him in approximately April 2019 that he needed a full medical release with no restrictions, or he would be fired.

28.     In December 2018, Plaintiff's K-9 unit was taken away and his hourly rate was reduced from $18.25 to $16.25.

29.     Plaintiff was released to return to work and Mr. Murphy passed the Kansas Commission on Peace Officers' Standards and Training (KSCPOST) Course of Fire requirements in mid-April 2019.  This was the test required of all employees of Defendants although he initially took it by himself the first time.

30.     Despite passing KSCPOST, Sherriff Chance required additional testing of Mr. Murphy. These tests were personally conducted by Sherriff Chance and included the Sherriff

trying to physically disarm Murphy, Murphy being made to repeatedly draw his gun and Murphy writing practice tickets.

31.     These tests are not used in KSCPOST qualifications. They were not administered to other similarly situated employees or likely any other employees.

32.     Unlike other similarly situated employees. Mr. Murphy was required to take the KSCPOST exam multiple times.

33.     Including both exam dates, Plaintiff actually qualified 4 times, using both his left and right upper extremities.  First, when released to go back to work he qualified with both of his left and right sides on or about April 8, 2019 which could have been used as his yearly KSCPOST qualification.  Despite qualifying, he was made to requalify on or about May 15, 2019 and again passed twice using his right upper extremity. This qualification also included shotgun and rifle, both of which he passed.

34.     On the second tests he scored higher than he had on the original test.   Also, Chance allowed the other qualifying officers to have their hands on their guns before drawing their guns to shoot, but he told Plaintiff he could not have his hand on his gun, which plaintiff complained about.

35.     Despite having twice passed the agency's prescribed tests more frequently than required, Mr. Murphy was subjected to additional increasingly difficult tests that others were not. One was created by the Sheriff and was a head to head gun drawing competition between Murphy and the undersheriff.  Sherriff Chance created and judged the contest and told Murphy that if he did not match or beat the undersheriff's time, he would be fired.

36.     Chance did not tell the undersheriff that he would be fired if he did not meet or beat Murphy's time. Chance's illegal medical tests violated the ADA. No other employee was subjected to these tests.

37.     The testing invented and administered by Chance was not approved or utilized by KSCPOST or any other law enforcement testing entity.

38.     Even though Plaintiff qualified using both his right and left hands, he proposed an accommodation to his employer multiple times that, in the alternative, he could carry his weapon left-handed, which was ignored and denied.

39.     Murphy was fired approximately May 25 or May 27, 2019 because of his disability, being regarded as disabled, because of a record of disability and/or in retaliation for complaining about being subjected to discriminatory testing.

40.     His termination report lists May 27,  2019. as his date of termination and states "After suffering a brain hemorrhage of some kind approximately a year ago, Deputy Murphy's use of his right hand has been severely compromised.  This has rendered him incapable of being able to draw, retain or shoot his weapon in a safe and proficient manner.  Due to this fact he was terminated for medical reasons."

41.     Sherriff Chance and Harper County did not engage in an adequate good faith interactive process with Plaintiff.

42.     Plaintiff is and was not a direct threat to himself or others and he could and can perform the essential functions of his job with or without accommodations.

43.     Sherriff Chance and Harper County did not offer additional accommodations at the appropriate times, after initially providing light duty.

44.     Plaintiff was entitled to additional Family and Medical Leave Act (FMLA) leave at the time of his termination.

45.     Defendants did not offer nor grant additional FMLA leave, despite firing Plaintiff because of their perception of his physical condition and having previously granted FMLA leave for the same condition.

46.     After termination, Mr. Murphy thought he found subsequent employment with Kansas Racing and Gaming Commission. However, that employment offer was withdrawn without explanation.

47.     Upon information and belief the Kansas Racing and Gaming Commission (the Commission) had access to and/or referred to the documentation of reason for termination drafted by Defendants and/or communicated with  Defendants either or both of which caused Kansas Racing and Gaming Commission to withdraw their job offer.

48.     Mr. Murphy applied for the chief of police position with the city of Harper and was denied an interview.

49.     Upon information and belief, another person with equal time in law enforcement but less educational background, was given an interview and was one of the final candidates.

50.     Upon information and belief Tracy Chance, Harper County Sheriff, was on the hiring/interview panel for the chief of police job Plaintiff applied for, and Chance  was tasked with helping decide who got an interview and the job and his actions and statements resulted in Mr. Murphy being denied the job.

51.     While employed by Harper County, Mr. Murphy had a part-time job at Newberry Family Auto (Newberry) that supplemented his deputy sheriff income.

52.     Sherriff Tracy Chance called his friend the owner of Newberry Family Auto after Sherriff Chance/Harper County received Mr. Murphy's demand letter and told Newberry about Mr. Murphy's litigation.

53.     After this conversation between Newberry and Sherriff Chance, Mr. Murphy was terminated by Newberry.

**KANSAS WAGE PAYMENT ACT (KWPA) VIOLATIONS AGAINST DEFENDANTS CHANCE AND THE COUNTY- COUNT I**

54.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and restated again here.

55.     Between August 13, 2016 and May 27, 2019 Defendants Chance and the County did not pay Plaintiff for all the hours worked in violation of the KWPA.

56.     Defendants Chance and the County were at all relevant times "employers" under K.S.A. 44- 313(a) and 44-323(b) of the Kansas Wage Payment Act (KWPA).

57.     The County was Plaintiff's "employer" as that term is used in the Kansas Wage Payment Act. Also, because Chance was Plaintiff's manager who knowingly let him work without pay, he was an "employer" pursuant to K.S.A. 44-323(b).

58.     Defendants willfully did not pay Plaintiff's "wages" in violation of the KWPA as defined by 20. K.S.A. 44-313(c) when due and did not pay Plaintiff's wages the next regular payday upon which he would have been paid if still employed as provided in accordance with K.S.A. 44-315(a).

59.     There was no valid reason for withholding of wages which still have not been paid.

60.    Defendants are liable to Plaintiff for the wages due and also for a penalty in the fixed amount of 1% of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the eighth day after the day upon which payment is required or in an amount equal to 100% of the unpaid wages under K.S.A. 44-315(b).

61.    Any unpaid wages not eligible to be paid as overtime would be paid as regular wages pursuant to the KWPA.

WHEREFORE, Plaintiff prays that judgement be entered against Defendants for damages in excess of $75,000.00, for actual damages, for economic losses, for compensatory damages, punitive damages, for attorney's fees as allowed by law, interest, costs and for such other and further relief as the Court deems just and equitable.

**FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS AGAINST DEFENDANTS CHANCE AND THE COUNTY – COUNT II**

62.    Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and restated again here

63.    Between August 13, 2016 and May 27, 2019 Defendants Chance and the County did not pay Plaintiff for hours worked nor at his overtime rate for all hours he worked that exceeded 40 hours or 86 hours per week whichever is applicable. This violated the FLSA.

64.    While Defendant Chance was Plaintiff's supervisor, he was Plaintiff's "employer" as the term is used in the Fair Labor Standards Act.  Also, the County was Plaintiff's "employer" as well.

65.     Defendants Chance and the County are employers for the purposes of the FLSA as any person acting directly or indirectly in the interest of an employer in relation to an employee is an employer pursuant to the FLSA. 29 U.S.C. § 203(d).

66.     Plaintiff was an hourly employee entitled to overtime pay for hours worked in excess of 86 hours worked during a 14-day work period or 40 hours per week if applicable.

67.     Plaintiff is or was at all relevant times an "employee" under the FLSA.

68.     Between Plaintiff's date of hire of approximately August 13,  2016 and his termination in May 27  2019, Defendant Chance and the County suffered and permitted Plaintiff to work in excess of 40 hours per week or 86 whichever is applicable and did not pay him overtime in violation of the FLSA. 29 U.S.C. § 203(g).

69.     The Defendants acted willfully and in bad faith and the County and Chance were aware it and he were in violation of the FLSA or acted in reckless disregard as to whether it and he were in violation of the FLSA.

WHEREFORE, Plaintiff Dallas Murphy prays for judgment against Defendant Sheriff Tracy Chance and Harper County Sheriff Department, for damages in excess of $75,000.00, including for actual damages, for economic losses, compensatory damages, unpaid wages, liquidated damages, attorney fees, costs, interest, and all other relief that the Court Deems just and equitable.

**VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT (ADA) AGAINST DEFENDANT THE COUNTY**

**ADA Discrimination and Failure to Accommodate – Count III**

70.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and restated again here.

71.     Plaintiff at all relevant times was a qualified individual with a disability as defined by the ADA.

72.     Plaintiff's employers knew of his disability and regarded him as having a disability and had record of his disability.

73.     By failing to participate in the interactive process, failing to accommodate Plaintiff, subjecting him to illegal tests that were not administered to other employees, requiring multiple KSCPOSTS exams and administering them to Plaintiff differently, taking away his K-9 unit, reducing his pay and wrongfully terminating him, Plaintiff's employer subjected Plaintiff to unlawful and intentional discrimination because of his disability, record of disability or perceived disability in violation of the ADA.

74.     While initially accommodated, Plaintiff was told he would be fired if he was not fully released and was ultimately fired.

75,     While Plaintiff returned to work and was performing his regular job, Defendants took the position he was not able to perform certain job functions because of physical limitations, subjected him to the unlawful physical tests, denied his request for carrying his gun left handed, made him take the KSCPOST differently, and did not offer any alternative accommodations, leave or alternative jobs, thus failing to accommodate.

76.     Defendants did not accommodate nor interactively discuss accommodations of the alleged limitations they wrote about in the termination documents or otherwise.

WHEREFORE, Plaintiff Dallas Murphy prays for judgment against Defendant Sheriff Tracy Chance and Harper County Sheriff Department, for damages in excess of $75,000.00,

including injunctive relief, compensatory damages, punitive damages, back and front wages,

attorney fees, costs, interest, and all other relief that the Court Deems just and equitable.

**ADA Hostile Work Environment – Count IV.**

77.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and
restated again here.

78.     As stated more fully above, Plaintiff is a member of a protected class as being
disabled and qualified under the ADA.

79.     Plaintiff was subjected to intentional and unwelcome harassment, including but
not limited to being subjected to a series of unlawful physical tests personally conducted by
Sherriff Chance and Harper County at the Sherriff's Department

80.     Plaintiff was made to take KSCPOST exam multiple times having ultimately
qualified four times, the first time with both his right and left hands. At the second qualification,
Chance allowed the other qualifying officers to have their hands on their guns before drawing
but told Plaintiff he could not have his hand on his gun, which Plaintiff complained about.

81.     Plaintiff was told he would be fired if not released and ultimately fired.

82.     The harassment was based on his disability.

83.     Due to the harassment's severity or pervasiveness, the harassment altered a term,
condition, or privilege of the Plaintiff's employment and created an abusive working
environment.

84.     Plaintiff was subjected to a hostile work environment in violation of the ADA
because of his disability, record of disability or perceived disability in violation of the ADA for
which he is entitled to damages.

WHEREFORE, Plaintiff Dallas Murphy prays for judgment against Defendant Sheriff Tracy Chance and Harper County Sheriff Department, for damages in excess of $75,000.00, including injunctive relief, compensatory damages, punitive damages, back and front wages, attorney fees, costs, interest, and all other relief that the Court Deems just and equitable.

**ADA Retaliation - Count V.**

85.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and restated again here

86.     Plaintiff was engaged in protected activity opposing discrimination because of his disability.

87.     Plaintiff was subjected to intentional and unlawful retaliation because of his disability, perceived disability or record of disability, seeking accommodations and making complaints during the course of his employment leading up to his termination. Plaintiff made requests to carry his weapon with his left hand, having qualified with both hands which were denied, and no additional accommodations were offered.

88.     Plaintiff was made to take the unlawful physical exams, made to take multiple KSCPOST exams and told he could not have his hand on his gun which was different than others and which plaintiff complained about and he was ultimately fired in retaliation.

89.     A causal connection existed between the protected activities and the materially adverse actions.

90.     Based upon information and belief, Defendants continued to retaliate against Plaintiff in blackballing him with other employers, interfering with and taking steps to jeopardize

and prevent Plaintiff's reemployment such as with the Kansas Racing Commission and the City

of Harper and to interfere with his existing employment with Newberry.

WHEREFORE, Plaintiff Dallas Murphy prays for judgment against Defendant Sheriff

Tracy Chance and Harper County Sheriff Department, for damages in excess of $75,000.00,

including injunctive relief, compensatory damages, punitive damages, back and front wages,

attorney fees, costs, interest, and all other relief that the Court Deems just and equitable.

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA) AGAINST
DEFENDANTS CHANCE AND THE COUNTY – Count VII.**

91.      Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and

restated again here

92.      Harper County is an employer and public agency and Chance is a public official

and also meets the definition of employer under the FMLA

93.      Plaintiff worked for a covered employer for at least 12 months.

94.      Plaintiff worked at least 1,250 hours of service for the employer during the 12-

month period immediately preceding the leave.

95.      Plaintiff had not taken the full 12 weeks of leave in a 12-month period as of his

termination.

96.      Plaintiff was on FMLA leave at various time and Defendants made clear Plaintiff

would be fired if not fully released and if he could not perform the various made up physical

tests Defendants created.

97.      After Plaintiff was fully released to return to his regular job, Defendants took

steps to attempt to prove he could not perform his job because of the health condition for which

he was previously on leave, interfering with his FMLA rights and retaliating against Plaintiff, in bad faith.

98.     Defendants then retaliated against Plaintiff and terminated him in part because of previously taking FMLA leave and incorrectly stating he could not perform his job.

99.     If Defendants were correct about Plaintiff's inability to perform his job, he was entitled to FMLA leave, yet Defendants simply fired him and interfered with his FMLA rights in bad faith.

100.     Defendants interfered with, restrained, and denied the exercise of or the attempt to exercise rights provided by the FMLA.

101.     Defendant's motivation for terminating Plaintiff's employment was in part to retaliate against him for using FMLA leave.

WHEREFORE, Plaintiff prays for judgment against Defendants for back wages, injunctive relief or front pay, liquidated damages, punitive damages and attorney's fees and all other relief legal and equitable to which he is entitled.

**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE OR RELATIONS AGAINST DEFENDANTS CHANCE AND COUNTY– Count VII.**

102.     Plaintiff hereby incorporates the foregoing paragraphs as if fully set out and restated again here.

103.     Plaintiff had an existing and ongoing business relationship with Newberry Family Auto (Newberry).

104.     Sherriff Tracy Chance called the owner of Newberry Family Auto after Sherriff Chance/Harper County received notice of Mr. Murphy's litigation and discussed the same with Newberry.

105.    Mr. Murphy was terminated by Newberry Family Auto because of that call.

106.    Mr. Murphy had been working for Newberry in the past and had an expectancy with the probability of future economic benefit to the Plaintiff by continued employment, which ended after the phone call by Sherriff Chance.

107.    Sherriff Chance knew of Plaintiff's relationship and expectancy of future work by Plaintiff with Newberry Auto.

108.    Except for the intentional misconduct of the Defendants, Plaintiff was reasonably certain to have continued the relationship with Newberry or realized the expectancy

109.    Plaintiff suffered damages as a direct or proximate cause of the Chance's misconduct.

110.    Plaintiff understood he had been hired by the Kansas Racing and Gaming Commission.

111.    Upon information and belief the Commission referred to the Harper County termination documentation listing the reason for termination by Harper County and Chance that falsely stated Plaintiff's physical limitations and reasons for termination and/or it contacted Defendants both of which caused Kansas Racing and Gaming Commission to withdraw their job offer.

112.    Mr. Murphy applied for the chief of police position with the City of Harper and was denied an interview.

113.    Upon information and belief, another person with equal time in law enforcement but less educational background, was given an interview and was one of the final candidates.

114.    Upon information and belief Tracy Chance, Harper County Sheriff, was on the hiring/interview panel and Mr. Murphy was denied and interview or the job.

115.    There was an existence of a business relationship or expectancy with the probability of future economic benefit to the Plaintiff with Kansas Racing Commission and the chief of police position with a knowledge of the relationship or expectancy by the Defendants.

116.    Based upon information and belief except for the conduct of the Defendants, plaintiff was reasonably certain to have realized the expectancy with the Commission and City of Harper;

117.    Plaintiff suffered damages s as a direct or proximate cause of the Defendant's misconduct.

WHEREFORE, Plaintiff prays for judgment against the Defendants for injunctive relief, past lost income or wages, future loss wages or income, compensatory damages, attorney's fees, punitive damages, costs, interest and all other relief at law and equity to which he is entitled.


Respectfully submitted,

/s/ Jon E. Newman
Jon E. Newman, #16612
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: newman@hitefanning.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims triable to a jury.


/s/ Jon E. Newman
Jon E. Newman, #16612
HITE, FANNING & HONEYMAN L.L.P.


## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District of Kansas at

Wichita, Kansas, as the place of trial.

/s/ Jon E. Newman
Jon E. Newman, #16612
HITE, FANNING & HONEYMAN L.L.P.